**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

Rosibel Sevilla Montoya,
Petitioner
-vs-
Markwayne Mullin, et al.,
Respondents.

CV-26-4934-PHX-JFM

**Order**

Under consideration is Petitioner's Petition for Writ of Habeas Corpus filed July 15, 2026 (Doc. 1).

## A.  BACKGROUND

Petitioner is a native and citizen of Nicaragua[1] who entered the United States without inspection at an unknown location and date, and has remained since.  A Notice to Appear was issued on June 25, 2026 charging here with being removable, and she was ordered to appear before an immigration judge (IJ) on July 14, 2026.   She was subsequently (on an unspecified date) arrested and has been detained since without a bond hearing.

## B.  BRIEFS

Petitioner's Petition (Doc. 1) argues that her detention without a bond hearing is a violation of her Fifth Amendment procedural and substantive due process rights, and application of the multi-factor test under *Mathews v. Eldridge*, 424 U.S. 319 (1976) release is the appropriate remedy, including assertions that the existing bond procedures are

---

[1] The Petition alternately describes Petitioner as a citizen of Nicaragua (Doc. 1 at 1) and Mexico (*id.* at 7).  The Declaration (Doc. 1-1 at 2) and immigration documents reflect Nicaragua (*id.* at 5, 8).

- 1 -

inadequate because of risks that the charges of removability will influence the determination, and the lack of consideration whether detention is necessary to the governmental purpose, and ordering a hearing will just require "another custody proceeding."

Respondents' Response (Doc. 6) concedes that Petitioner's detention is governed by 8 U.S.C. § 1226 and thus she is entitled to a bond hearing, but seeks a denial of the request for release on the basis that a bond hearing satisfies the requirements of procedural due process.

Petitioners' Reply (Doc. 7) argues that after "months" of detention, release is required as a matter of substantive due process under the *Matthews* test.

## C.  APPROPRIATE REMEDY

Respondents concede that Petitioner is entitled to relief on her procedural due process claim, and push for a bond hearing as the appropriate remedy.

Petitioner pushes for release, asserting that under the *Mathews* test her substantive due process rights call for release.

The form of relief in a habeas proceeding is within the discretion of the Court.

> "[The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody."  Federal courts have a fair amount of flexibility in fashioning specific habeas relief. "A federal court is vested with the largest power to control and direct the form of judgment to be entered in cases brought up before it on habeas corpus. The court is free to fashion the remedy as law and justice require and is not required to order petitioner's immediate release from physical custody."

*Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005) (citations omitted).

Petitioner misconstrues *Mathews*.  That case is wholly a procedural due process case.  It answers the limited question what degree of process is due for protection of a given right.  *See Dusenbery v. United States*, 534 U.S. 161, 168 (2002) (*Mathews* is not "an all-embracing test for deciding due process claims" but determines "the adequacy of the method used to give notice").  It is a tool "to determine whether a pre-deprivation

hearing is required and what specific procedures must be employed at that hearing given the particularities of the deprivation." *Shinault v. Hawks*, 782 F.3d 1053, 1057 (9th Cir. 2015). Thus, *Mathews* is only relevant to determining whether a constitutional violation has occurred, not in deciding the proper remedy after the violation has been found to have occurred. Thus, Petitioner fails to explain how *Mathews* calls for release rather than a hearing.

Petitioner's substantive due process claim is simply that she has a liberty interest which must be weighed against the Government's legitimate interests in the civil immigration detention context, *i.e.* protecting the public and ensuring appearance at immigration proceedings. But this does not show that release should be required before the Government's case for detention is made in the first instance.

Petitioner's concerns that a detention hearing will not be a meaningful process to protect her liberty interest come with no factual support. Rather they are simply Petitioner's conclusory allegations and fears.

Petitioner argues that some heightened level of finding should be made to insure meaningful review. The Ninth Circuit has concluded that the bond procedures under § 1226 facially satisfy due process. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213 (9th Cir. 2022). Petitioner effectively acknowledges this, protesting she does not assert a categorical challenge. (Petition at 30.) But Petitioner fails to offer any specific allegations or evidence to show that appropriate findings will not be made or that meaningful review will be thwarted in her case.

The Court finds that an order for a bond determination hearing suffices to address the issues, and is the remedy most relevant to curing the violation shown.

**IT IS THEREFORE ORDERED:**

(A) Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART** as specified herein.

(B) Respondents must provide Petitioner a **BOND DETERMINATION HEARING** within **seven days** or release Petitioner from custody under the same conditions that

- 3 -

existed before Petitioner's detention.

(C)   Respondents must provide a **NOTICE OF COMPLIANCE** within **three days** of releasing Petitioner or providing Petitioner a bond hearing, specifying the results of the hearing or particulars of the release.

(D)   Any pending motions are **DENIED AS MOOT**.

(E)   The Clerk of Court must enter judgment in Petitioner's favor and close this case.

Dated: July 28, 2026

26-4934-001o Order 26 07 28 on Petition for Writ of Habeas Corpus.docx

James F. Metcalf
United States Magistrate Judge

- 4 -